NO. 07-06-0052-CR


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL B


NOVEMBER 16, 2006

______________________________


PATRICK MORGAN, APPELLANT


V.


THE STATE OF TEXAS, APPELLEE

_________________________________


FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;


NO. 4182; HONORABLE FELIX KLEIN, JUDGE

_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

 Following his open plea of guilty, appellant Patrick Morgan was convicted of
aggravated assault and sentenced to fifteen years confinement and $6,747.64 in 
restitution. In presenting this appeal, counsel has filed an Anders (1) brief in support of a
motion to withdraw. We grant counsel's motion and affirm.


 In support of her motion to withdraw, counsel certifies that she has diligently
reviewed the record, and in her opinion, the record reflects no reversible error upon which
an appeal arguably can be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.-San Antonio
1984, no pet.). Thus, she concludes the appeal is frivolous. In compliance with the
principles enunciated in Anders, counsel has presented one potential ground for appeal,
making references to the record, and has discussed why it does not present an arguably
meritorious ground. High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel
has also shown that she sent a copy of the brief to appellant and informed appellant that,
in her view, the appeal is without merit. In addition, counsel has demonstrated that she
notified appellant of his right to review the record and file a pro se response if he desired
to do so. Appellant subsequently filed a response, raising several issues. 

 We have reviewed both the ground addressed by counsel and the issues raised by
appellant to determine whether there was any error which could plausibly support an
appeal. We have also conducted an independent review of the entire record. See 
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State,
178 S.W.3d 824 (Tex.Crim.App. 2005). However, we have found no reversible error and
agree with counsel that the appeal is frivolous.



 Accordingly, counsel's motion to withdraw is granted (2) and the trial court's judgment
is affirmed.



 James T. Campbell

 Justice





 


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. We note that counsel's motion to withdraw also contained the request that new
counsel be appointed for appellant. Such a request is inappropriate in a motion to
withdraw accompanying an Anders brief. New counsel is appointed following the filing of
an Anders brief only if the appellate court determines that the record reflects an arguable
ground for appeal. Bledsoe, 178 S.W.3d at 827. 



pan style="font-size: 12pt">V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A16367-0510, A16459-0511; HONORABLE ROBERT W. KINKAID, JUDGE
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINIONAppellant Tirso Tito Barrera appeals from the judgment revoking his community
supervision and sentencing him to two years in a state jail facility and imposing on him a
$2,000 fine. Appellant's attorney has filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403
(Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. 
Agreeing with appointed counsel’s conclusion the record fails to show any arguably
meritorious issue that could support the appeal, we affirm the trial court’s judgment.
          In October 2005, appellant was indicted for burglary of a building committed on or
about September 26, 2005.


 In November 2005, appellant was indicted for burglary of a
building committed on or about September 20, 2005. In December 2005, appellant plead
guilty to each offense and was sentenced to two years in a state jail facility and a $2,000
fine was imposed against him. The court suspended appellant’s sentence and placed him
on community supervision for a period of three years. Appellant’s supervision was
conditioned on his compliance with specified terms and conditions.
          Thereafter, the State filed two Motions to Revoke Community Supervision. After a
hearing on each, the court continued appellant on community supervision. The State filed
a third Motion to Revoke Community Supervision in August 2008. This motion was heard
by the court in September 2008. The State abandoned the allegations in paragraph one
of each of its motions and appellant plead ”true” to the remaining allegations. The court
received signed stipulations of evidence in each cause indicating appellant’s plea of “true”
to the State’s allegations. Appellant testified, admitting to his continued use of crack
cocaine. Appellant also admitted to failing to report as required, to being delinquent in
paying required fees, to failing to attend alcoholics anonymous or narcotic anonymous
meetings as required, and to failing to participate in and complete the required community
service. Appellant also indicated to the court his desire to continue his community
supervision and enter into a rehabilitation program. 
 
        Based on appellant’s pleas of “true” and the evidence presented before it, the court
revoked appellant’s community supervision in each cause and assessed appellant’s
punishment at confinement in a state jail facility for two years. The court also imposed a
$2,000 fine against appellant in each cause and ordered the sentences to run concurrently.
The court certified appellant’s right of appeal in each cause, and he timely filed notice of
appeal.
          Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which he certifies that he has diligently reviewed the
record and, in his professional opinion, under the controlling authorities and facts of this
case, there is no reversible error or legitimate grounds on which a non-frivolous appeal
arguably can be predicated. The brief discusses the procedural history of each case and
the proceedings in connection with the motions to revoke appellant’s community
supervision. Counsel discusses the applicable law and sets forth the reasons he believes
there are no arguably meritorious issues on which to appeal. Counsel has certified that a
copy of the Anders brief and motion to withdraw have been served on appellant, and that
counsel has advised appellant of his right to review the record and file a pro se response.
Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this
Court also notified appellant of his opportunity to submit a response to the Anders brief and
motion to withdraw filed by his counsel. Appellant has not filed a response.
 
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). 
          Counsel notes the court did not abuse its discretion in revoking appellant’s
community supervision, particularly in light of the fact appellant was before the court on the
State’s third motion to revoke in less than three years. Appellant plead “true” to the all but
one of the State’s allegations. A plea of “true” to even one allegation in the State’s motion
is sufficient to support a judgment revoking community supervision. Cole v. State, 578
S.W.2d 127, 128 (Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d 205, 209
(Tex.App.–San Antonio 2006, pet. denied). We find also that the record provides no reason
to doubt that appellant freely, knowingly, and voluntarily entered his plea of “true” to the
allegations contained in the State’s motion to revoke.
           We note also the record does not support a contention that the court acted outside
the zone of reasonableness in imposing appellant’s sentence as it was within the range
proscribed by the Penal Code for this offense. See Tex. Penal Code Ann. § 30.02(c)(1)
(Vernon 2003); Tex. Penal Code Ann. § 12.35 (Vernon 2007). See also Jordan v. State,
495 S.W.2d 949, 952 (Tex.Crim.App. 1973); Rodriguez v. State, 917 S.W.2d 90, 92
(Tex.App.–Amarillo 1996, pet. ref’d) (Texas courts have traditionally held that as long as the
sentence is within the range of punishment established by the Legislature in a valid statute,
it does not violate state or federal prohibitions). 
          Our review convinces us that appellate counsel conducted a complete review of the
records. We have also made an independent examination of the entire record in each cause
to determine whether there are any arguable grounds which might support the appeals from
the revocations and sentences. We agree the records present no arguably meritorious
grounds for review. Accordingly, we grant counsel's motions to withdraw


 and affirm the
judgment of the trial court in each cause.
 
                                                                           James T. Campbell

                                                                                    Justice

 
 
 
Do not publish.